IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

BARBARA CHABOT,                          Case No. 07-1759-HO

            Plaintiff,                   ORDER

    v.

UNITED STATES CELLULAR
CORPORATION, a Delaware
Corporation,

            Defendant,

    For her first claim, plaintiff Barbara Chabot alleges that her invocation of the workers' compensation system was a substantial factor in defendant United Stats Cellular Corporation's decision to terminate her employment, in violation of Oregon statute.  For her second and third claims, plaintiff alleges that defendant discriminated against her based on disability or perceived disability, in violation of state and federal statutes.  Defendant filed a motion for summary judgment.

    A reasonable juror could not determine from the summary judgment evidence that defendant perceived plaintiff as disabled.

Plaintiff concedes defendant's motion as to her other theories of disability discrimination. A reasonable juror could determine that defendant terminated plaintiff's employment because she invoked the protections of Oregon's worker's compensation statutes. Defendant's motion for summary judgment is granted in part and denied in part.

## Undisputed Facts

Defendant hired plaintiff on October 9, 2002 as a retail wireless consultant in Bend, Oregon. On May 1, 2004, defendant promoted plaintiff to the position of Sales Supervisor for retail locations in Bend. District manager Mike Shaw told plaintiff that she should apply for a store manger position.

A 2003 performance review document issued January 30, 2004 states, "Good leader, just needs to adopt a more collaborative approach to coaching and take extra time not to be so abrupt when coaching associates." The total performance rating is "meets expectations."

On October 17, 2004, plaintiff met with Shaw and store manager Shauna Owens to discuss plaintiff's personal development plan for improving coaching competence and interpersonal skills. Shaw's notes of the meeting reflect that although there is room for improvement in these areas, that does not mean that plaintiff could not keep a store a float as a manager or run a personal business. Shaw Decl., ex. 1.

A 2004 performance review document issued by Shauna Owens on February 11, 2005 rates plaintiff's coaching and interpersonal skills as partially meeting expectations. Plaintiff's total performance rating is "meets expectations."

On March 24, April 4, April 25 and May 2, 2005, Shauna Owens communicated to plaintiff regarding the need to timely complete "career pathing" and goal setting for one associate, and/or a final skills check for another associate.

On July 22, 2005, Owens issued a written warning to plaintiff to improve her duties as a store supervisor.

On December 13, 2005, plaintiff completed an action plan in response to a "Culture Survey." The plan indicates that the team agrees that plaintiff should keep giving out "Kudo" awards at every meeting, and that plaintiff needed to have more one-on-one meetings with associates and to be more positive when coaching.

On February 21, 2006, plaintiff suffered a broken left shoulder in a snow mobile accident at a company leadership team-building event, requiring surgery. Owens learned of plaintiff's injury that day. Plaintiff was released to work on April 14, 2006. On March 21, 2006, Dr. James Hall opined that plaintiff could engage in modified work eight hours per day effective April 3 to April 30, 2006. Dr. Hall further assessed a work-injury related lifting restriction of 20 pounds.

After plaintiff returned to work she requested to work in

3 - ORDER

the Redmond office because that office featured a desk upon which plaintiff could rest her arm and ice to relieve the swelling in plaintiff's shoulder.

After plaintiff returned to work from medical leave, Owens rolled her eyes at plaintiff when plaintiff left for physical therapy appointments. Owens also required plaintiff to do consistent lifting of not more than 20 pounds.

On April 21, 2006, Owens issued plaintiff's performance review for 2005, with an overall performance rating of "partially meets expectations." A "partially meets" rating leads to placement on a "performance improvement plan." Any such plan is to be realistic and attainable, including its length of time for performance.

The 2005 performance evaluation form lists January 14, 2006 as the "date prepared." Owens avers that 2005 performance reviews were finalized and set for release during a leadership team meeting on February 22, 2006, but that plaintiff did not receive her evaluation on that date due to her accident the day before.

On April 23, 2006, plaintiff sent a complaint to Shaw challenging many of the deficiencies noted in the 2005 performance review. The letter contained plaintiff's observation "that I am being discriminated against and harassed by [Owens]. Later, plaintiff submitted a letter to Shaw asking that her

4 - ORDER

complaint be rescinded and destroyed because she had come to see things in a different light.

A performance improvement plan signed by Owens and plaintiff on May 23, 2006 states that plaintiff is not meeting minimum expectations in people development/coaching, organizing and planning and interpersonal skills. The written plan lists May 1, 2006 as the date prepared. The plan states that immediate and sustained improvement is expected if plaintiff is to continue employment with defendant.

An "Achievement Plan Win-win agreement for personal development" dated May 26, 2006, states that plaintiff is responsible for "Specific Actions/Behavior Changes" regarding interpersonal skills (immediate), and coaching and organization and planning (by June 26, 2006).

Owens met with plaintiff twice following imposition of the performance improvement plan. Owens told plaintiff she was pleased with aspects of her performance. On June 30, Owens met with plaintiff and communicated the decision to terminate plaintiff's employment with defendant. According to Owens' notes of the meeting, plaintiff did not meet the objectives of the 30-day performance improvement plan and plaintiff did not feel she had a fair shot at improvement due to a store remodel and one-week management meeting.

On July 6, 2006, plaintiff filed a workers' compensation

5 - ORDER

claim based on the shoulder injury she sustained at the February 21, 2006 team-building function.

## Discussion

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Defendant argues that summary judgment is appropriate because plaintiff is not disabled as a matter of law, plaintiff did not invoke the workers' compensation system until after her termination, and defendant terminated plaintiff's employment based on well-documented performance deficiencies.

Plaintiff's state and federal disability discrimination claims are analyzed consistently. Or. Rev. Stat. 659A.499; <u>Snead v. Metropolitan Property & Cas. Ins. Co.</u>, 237 F.3d 1080 (9th Cir. 2001). Plaintiff must prove she is disabled within the meaning of the ADA and state law, she was qualified, and her disability was a motivating factor in the defendant's decision to discharge her. <u>Snead</u>, <u>supra</u>, at 1087.

Plaintiff concedes defendant's motion for summary judgment as to her reasonable accommodation and interactive process theories of disability discrimination. Pl's Opp. Memo. at 26, n. 10. Plaintiff also concedes that she is not substantially limited in a major life activity. Plaintiff argues that her

6 - ORDER

evidence proves that defendant regarded her as substantially limited in the major life activity of lifting, that is, disabled. See 42 U.S.C. § 12102(2)(C); 29 C.F.R. § 1630.2(l); Or. Rev. Stat. § 659A.100(c). Plaintiff points to Owens' statements that she would have granted plaintiff's requests for accommodations had she received them as evidence that defendant perceived plaintiff as substantially limited in lifting ability.

There is no evidence that defendant mistakenly believed plaintiff to be more limited than she is. An employer's statement that it would accommodate a non-disability is not evidence that it regarded the employee as disabled. See Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 798 (9th Cir. 2001). Plaintiff cannot prove the first element of her federal disability discrimination claims.

Defendant argues that plaintiff cannot prove that she invoked the protections of the workers' compensation statutes, as plaintiff filed her claim one week after defendant terminated her employment. A worker invokes the protection of the workers' compensation statutes if, inter alia, the worker reports an on-the-job-injury to the employer or the employer perceives that the worker has been injured on the job or will report an injury. McPhail v. Milwaukie Lumber Co., 999 P.2d 1144, 1150 (Or. App. 2000). It is undisputed that plaintiff injured her shoulder at work. Plaintiff produced evidence that plaintiff, Owens and

Trisha Stubbs of Human Resources were all present when the snowmobile accident occurred, and all considered that plaintiff's injury occurred at work. A reasonable trier of fact could find that plaintiff invoked the protection of the workers' compensation statutes.

Defendant finally argues that plaintiff cannot prove that it terminated her employment because she invoked the protections of Oregon's workers' compensation statutes. Plaintiff establishes a triable issue of fact regarding causation based on the evidence of the timing of the discharge, that Owens treated plaintiff differently after her return to work, that Owens told plaintiff she was doing well during the period of the improvement plan, and that defendant imposed obstacles that precluded plaintiff from completing the performance improvement plan. See e.g. Thomas v. City of Beaverton, 379 F.3d 802, 812 (9th Cir. 2004); Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir. 1989).

Defendant is entitled to summary judgment on plaintiff's second and third claims for disability/perceived disability

///

///

///

8 - ORDER

discrimination based on state and federal law, respectively.

## Conclusion

Based on the foregoing, defendant's motion for summary judgment [#18] is granted in part and denied in part.

IT IS SO ORDERED.

Dated this  5th  day of September, 2008.

                                             s/ Michael R. Hogan
                                      United States District Judge